IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SOLOMON EMAKOJI, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | NO. 4:22-CV-260-O |
| | § | (NO. 4:20-CR-018-O) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Came on for consideration the motion of Solomon Emakoji, Movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response, the record, including the record in the underlying criminal case, No. 4:20-CR-018-O, the additional filings made by Movant,[1] and applicable authorities, finds that the motion must be **DENIED**.

**I.   BACKGROUND**

The record in the underlying criminal case reflects the following:

On January 15, 2020, Movant was named in a one-count indictment charging him with engaging in a monetary transaction in property derived from specified unlawful activity, in violation of 18 U.S.C. § 1957. CR Doc.[2] 1. Movant and his attorney signed a factual resume, which set forth the elements of the offense charged, the stipulated facts establishing that Movant had committed the offense, and the penalties to which Movant was subjected, including

---

[1] Movant filed a document docketed as a reply, ECF No. 7, and a "Motion to Include Supporting Details for the Purpose of Illustrating the Motion Dated 7/04/2022," ECF No. 8. Movant apparently contends that the government did not timely file a response to his § 2255 motion. The response, ECF No. 6, was filed within sixty days of the order requiring a response. ECF No. 5. Movant has not made any substantive reply to the response.

[2] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:20-CR-018-O.

imprisonment for a period not to exceed ten years. CR Doc. 23. They also signed a plea agreement pursuant to which Movant agreed to plead guilty to the offense charged. CR Doc. 24. Like the factual resume, the plea agreement also stated that Movant faced a term of imprisonment of up to ten years. *Id.* at 2. The government agreed not to bring any additional charges against Movant, *id.* at 5, and Movant waived his right to appeal or to contest his sentence in any collateral proceeding except in certain circumstances not applicable here. *Id.* at 6. On April 9, 2021, Movant entered a plea of guilty to the charge against him. CR Doc. 43.

The probation officer prepared the presentence report, which reflected that Movant's guideline sentencing range was 12 to 18 months. CR Doc. 46, ¶ 69. The Court sentenced Movant to a term of imprisonment of 48 months. CR Doc. 64. The sentence was outside the sentencing guidelines, taking into account Movant's role in the offense, the seriousness of the offense, financial harm to the victims, the need to afford adequate deterrence to criminal conduct, and the need to protect the public from further crimes of Movant. CR Doc. 65. Movant appealed, CR Doc. 66, but later determined not to pursue the appeal. CR Doc. 68.

## II.   GROUND OF THE MOTION

Movant asserts one ground in support of his motion. He contends that his sentence, which was above the guideline range, is unconstitutional. ECF No. 4 at 6.

## III.   APPLICABLE LEGAL STANDARD

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or

jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

## IV.     ANALYSIS

Pursuant to the plea agreement, which was accepted by the Court, Movant waived his right to complain about his sentence unless it exceeded the statutory maximum punishment or was the result of an arithmetical error. CR Doc. 24 at 6. Movant's waiver was knowing and voluntary. There is no reason why it should not be enforced. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

Even had Movant not waived his right to pursue this ground, it is one that could and should have been raised on direct appeal and cannot be raised here. A motion under § 2255 is not a substitute for appeal. *Brown v. United States*, 480 F.2d 1036, 1038 (5th Cir. 1973). Movant has made no attempt to show cause and prejudice to be able to raise the ground here. *Shaid*, 937 F.2d

at 232. Thus, the claim is procedurally barred. *United States v. Kallestad*, 236 F.3d 225, 227 (5th Cir. 2000).

And, finally, Movant is mistaken in believing that the Court was required to impose a sentence within the guidelines. 18 U.S.C. § 3553(b). *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006). He could not prevail in any event.

## V.   CONCLUSION

For the reasons discussed herein, the Court **DENIES** the relief sought in Movant's motion under § 2255.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 14th day of October, 2022.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**